# IN RE: JEFFREY B. C. MOORHEAD, Appellant

S. Ct. Civil No. 2015-0022

Supreme Court of the Virgin Islands

October 20, 2015

JEFFREY B. C. MOORHEAD, ESQ., St. Croix, USVI, *Pro se.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(October 20, 2015)

HODGE, *Chief Justice.* Appellant Jeffrey B. C. Moorhead, Esq., appeals from the Superior Court's February 18, 2015 order, which held him in contempt for his failure to attend a pretrial conference. For the reasons that follow, we affirm.

## I. BACKGROUND

On July 13, 2013, the People of the Virgin Islands charged Harold A. Willocks, Jr., with several criminal offenses. The following day, Moorhead

entered an appearance as Willocks's retained counsel. Due to several judicial recusals, the case was assigned to a judge whose chambers is based in St. Thomas, resulting in many court hearings conducted by videoconference with the attorneys and parties present in St. Croix and the judge present in St. Thomas.

After events not relevant to this appeal, the Superior Court issued a September 17, 2014 order scheduling a final pretrial conference for 10 a.m. on February 6, 2015, in anticipation of jury selection and trial beginning on March 9, 2015. Although counsel for the People appeared at the February 6, 2015 conference, neither Willocks nor Moorhead was present. The Superior Court asked a marshal to check outside and the other courtrooms to see if Moorhead was in the building. When the marshal could not locate Moorhead, the Superior Court directed a clerk to call him. In his untranscribed conversation with the clerk, it appears that Moorhead apologized and stated that it would take an hour to reach the courthouse since he had to go home and change. The Superior Court instructed the clerk to relay to him that the matter would remain for jury selection as scheduled, and that it would take under advisement whether to issue a show cause as to why Moorhead and Willocks should not be held in contempt.

Shortly thereafter, the Superior Court issued an order directing Moorhead and Willocks to show cause as to why each of them should not be held in contempt for their failure to appear at the February 6, 2015 conference. On February 12, 2015, Willocks and Moorhead submitted separate affidavits to the Superior Court. In his affidavit, Willocks stated that he did not attend the conference because Moorhead never advised him of the date and he was never personally served notice by the court. Moorhead averred that he incorrectly believed the conference had been scheduled for February 13, 2015, and thus did not inform Willocks of the February 6, 2015 date. He also maintained that his failure to appear was not intentional.

The Superior Court held its show cause hearing on February 17, 2015. Soon after the hearing commenced, the Superior Court announced that based on the affidavits before it, it would not hold Willocks in contempt, but requested that Moorhead explain why he should not be held in contempt. Moorhead apologized, and reiterated that he had calendared the conference as being on February 13, 2015, instead of February 6, 2015. After he concluded, the Superior Court announced its findings:

691

Well, scheduling these conferences is no small matter . . . . [T]he last time we were suppose[d] to have a conference on the 6th of February I was ready, the marshal in St. Croix was present, the court reporter appeared, the clerk appeared, and it's very disruptive when people don't show up when they are suppose[d] to. And I know once before in this matter your client didn't show up and I gave everybody a pass for that. But I am concern[ed] that — I can't give you another pass because you wrote it down on the wrong day . . . I can't have these things happening again. So I'm imposing a fine on you of $250 and you've got until tomorrow to pay it to the court.

(J.A. 34-35.) The next day, the Superior Court issued its written order holding Moorhead in contempt and establishing $250 as the financial sanction. Moorhead timely filed his notice of appeal with this Court on February 27, 2015.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■ "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." V.I. CODE ANN. tit. 4, § 32(a). Although the underlying criminal proceeding against Willocks remained ongoing at the time Moorhead filed his notice of appeal, this Court has concluded that "an order finding contempt against an attorney who is not a party to the underlying litigation is immediately appealable." *In re Rogers*, 56 V.I. 325, 334 (V.I. 2012) (collecting cases). Because Moorhead appeals from an order of contempt, and because he is a non-party to the action below, this Court possesses jurisdiction over this appeal.

The standard of review for our examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). However, the Superior Court's decision to hold an individual in contempt is reviewed only for abuse of discretion. *In re Najawicz*, 52 V.I. 311, 328 (V.I. 2009). The Superior Court abuses its discretion when it makes a decision that "rests upon a clearly erroneous finding of fact, an errant conclusion of law[,] or an improper application of law to fact." *Petrus v. Queen Charlotte Hotel Corp.*, 56 V.I. 548, 554 (V.I. 2012) (quoting *Stevens v. People*, 52 V.I. 294, 304 (V.I. 2009)).

## B. The Contempt Sanction

██ ██ "[T]he Superior Court has both statutory and inherent power to compel obedience to its orders by way of contempt." *Rogers*, 56 V.I. at 334 (citing 4 V.I.C. §§ 243(4), 281; *In re Kendall*, 55 V.I. 888, 897 (V.I. 2011)). A contempt sanction may be either civil or criminal in nature. A civil contempt sanction is "intended to enforce the rights of private parties [and] to compel obedience to orders and decrees," whereas the purpose of a criminal contempt sanction is "the vindication of the dignity and authority of the court." *Najawicz*, 52 V.I. at 326 (quoting *U.S. Steel Corp. v. Fraternal Ass'n of Steel Haulers*, 601 F.2d 1269, 1273 (3d Cir. 1979)). "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *In re McIntosh*, S. Ct. Civ. Nos. 2012-0013, 0025, 2013 V.I. Supreme LEXIS 11, at *11 (V.I. Mar. 14, 2013) (unpublished) (quoting *In re Burke*, 50 V.I. 346, 352 (V.I. 2008)). However, to be held in criminal contempt for violating a court order, it must be established, beyond a reasonable doubt, that the contemnor willfully disobeyed the order. *Kendall*, 55 V.I. at 914 (citing *United States v. Providence Journal Co.*, 485 U.S. 693, 701-02, 108 S. Ct. 1502, 99 L. Ed. 2d 785 (1988)). To prove willfulness, the contemnor must "know[ ] or should reasonably be aware that his conduct is wrongful." *In re Kendall*, S. Ct. Misc. No. 2009-0025, 2010 V.I. Supreme LEXIS 73, at *29 (V.I. July 16, 2010) (unpublished) (quoting *Pennsylvania v. Local Union 542, Int'l Union of Operating Eng'rs*, 552 F.2d 498, 510 (3d Cir. 1977)).

The Superior Court did not specify, in either its oral findings or its written order, whether it intended to hold Moorhead in civil or criminal contempt. In his appellate brief, Moorhead assumes that the Superior Court held him in criminal contempt, since he maintains that this Court should reverse the contempt sanction because the uncontradicted evidence established that his conduct was negligent rather than intentional. We disagree.

██ Moorhead is correct that the February 18, 2015 order bears some of the hallmarks of a criminal contempt sanction, in that it orders him to pay a non-dischargeable $250 fine as a sanction for past conduct. *Rogers*,

56 V.I. at 337. However, it is well-established that a non-dischargeable monetary fine assessed in conjunction with a contempt finding may nevertheless be civil rather than criminal when the court imposes the fine to compensate itself ·for the harm it suffered from the contemnor's non-compliance. *Walters v. Walters*, 56 V.I. 471, 479 (V.I. 2012) ("[T]his Court may impose a fine as a sanction for civil contempt in order to compensate this Court for the costs associated with [the contemnor's] non-compliance.") (citing *United States v. Dowell*, 257 F.3d 694, 699-700 (7th Cir. 2001)); *Burke*, 50 V.I. at 355 (imposing monetary fine for civil contempt notwithstanding fact that contemnor had already complied with the orders that had been previously violated).

 In this case, we conclude that the Superior Court intended to hold Moorhead in civil, rather than criminal, contempt. *See Pro-Choice Network of W. New York v. Walker*, 994 F.2d 989, 994 (2d Cir. 1993) ("[T]here is a presumption in favor of finding civil as opposed to criminal contempt where there is some doubt as to the nature of the contempt." (quoting *United States v. Ayer*, 866 F.2d 571, 573 (2d Cir. 1989) (internal quotation marks omitted)). When it stated its findings at the February 17, 2015 hearing, the Superior Court focused almost exclusively on the fact that Moorhead's failure to appear was "very disruptive" given the difficulty of scheduling a conference given the logistics of a St. Thomas judge presiding over a case being heard in St. Croix, and emphasized the fact that the judge and three Superior Court employees — a marshal, a clerk, and a court reporter — all had to be present for a conference that never took place. (J.A. 35.) While the better practice would have been for the Superior Court to specify that it intended to hold Moorhead in civil contempt, it is clear that the Superior Court did not intend to punish Moorhead, but to obtain some compensation for the costs it incurred in holding a pretrial conference that could not proceed due to Moorhead's absence. *See Walters*, 56 V.I. at 479; *Burke*, 50 V.I. at 355; *United States v. Mottweiler*, 82 F.3d 769, 772 (7th Cir. 1996) ("Negligent failure to be present . . . could support a civil order requiring counsel to reimburse . . . the judicial system[ ] for the expenses to which that delict leads.") (citing *United States v. Claros*, 17 F.3d 1041, 1046-47 & n.4 (7th Cir. 1994)).

 Construing the contempt as civil rather than criminal, we cannot say that the Superior Court abused its discretion. Moorhead does not dispute that the September 17, 2014 order set the pretrial conference for February 6, 2015, nor does he argue that he did not receive the order.

Likewise, the proof of Moorhead's non-compliance is clear. The transcript of the February 6, 2015 conference reflects that Moorhead did not appear. More importantly, Moorhead conceded, in both his affidavit and at the February 17, 2015 show cause hearing that his non-appearance was his fault, in that he calendared the conference for the wrong date.[1] And while Moorhead, upon being called by the clerk, offered to arrive at the courthouse in an hour after going home and changing clothes, it would not have been reasonable to expect the prosecutor and court staff to wait for such an extended period of time; in fact, doing so would have likely only increased the costs associated with his non-compliance with the scheduling order.[2] Consequently, all three elements of civil contempt are satisfied.[3]

## III. CONCLUSION

Because the Superior Court did not intend to punish Moorhead, but rather sought to compensate itself for the costs associated with the February 6, 2015 pretrial conference, it held him in civil contempt rather than criminal contempt. Since the evidence is sufficient to sustain its civil contempt sanction, we affirm the Superior Court's February 18, 2015 order.

---

[1] As noted above, willful intent is a necessary element of criminal contempt, but not civil contempt. *Walters*, 56 V.I. at 477. Consequently, Moorhead's argument that the record contains no evidence that he intentionally failed to appear at the February 6, 2015 pretrial conference is immaterial since negligent conduct may sustain a civil contempt charge. *Mottweiler*, 82 F.3d at 772.

[2] Moorhead contends that the Superior Court erred when it implied in its oral findings that he — as opposed to Willocks — had failed to appear at a prior hearing. While the Superior Court did tell Moorhead that it "can't give you another pass," in the immediate prior sentence, it said that "once before in this matter *your client* didn't show up and I gave *everybody* a pass for that." (J.A. 35 (emphases added).) When the Superior Court's remarks are read in context, it is clear that it understood that Willocks — not Moorhead — had failed to appear at the earlier conference, but that it believed Moorhead and Willocks could both have potentially been sanctioned for that failure. In any case, Moorhead has failed to explain how this fleeting reference to Willocks's earlier failure to appear would justify setting aside the Superior Court's civil contempt sanction.

[3] Moorhead argues that the Superior Court should have followed the procedures set forth in Superior Court Rule 138, dealing with summary criminal contempt. But as explained above, the Superior Court held Moorhead in civil contempt, and thus Rule 138 is inapplicable.