**CONSTANTIA CLARKE, Individually and as Personal Representative for the Estate of ANSELMO CLARKE, Deceased, Appellants/Plaintiffs**

**v.**

**GOVERNMENT EMPLOYEES RETIREMENT SYSTEM, Appellee/Defendant**

S. Ct. Civ. No. 2008-001

Supreme Court of the Virgin Islands

December 30, 2008

MARK L. MILLIGAN, ESQ., Mark L. Milligan, P.C., St. Croix, USVI, *Attorney for Appellant.*

PEDRO K. WILLIAMS, ESQ., Law Offices of Pedro K. Williams, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## ORDER OF THE COURT

(December 30, 2008)

PER CURIAM. This Matter is before the Court on an appeal brought by Constantia Clarke (hereafter "Mrs. Clarke") and the Estate of Anselmo Clarke (collectively "Appellants") of the Superior Court's December 4, 2007 order granting summary judgment in favor of the Government Employees Retirement System (hereafter "Appellee" or "GERS.") For the following reasons, we shall dismiss Appellants' appeal for lack of jurisdiction.

## I. DISCUSSION

Prior to considering the merits of an appeal, this Court must determine if it has jurisdiction over the matter. *V.I. Gov't Hosp. and Health Facilities Corp. v. Gov't of the V.I.*, 2008 V.I. Supreme LEXIS 37, *3 (V.I. Sept. 16, 2008). To timely effectuate an appeal of a final judgment of the Superior Court in a civil action, a litigant must file a notice of appeal with the Superior Court within thirty days of entry of that final judgment. *See* V.I. S. CT. R. 5(a)(1) ("[T]he notice of appeal required by Rule 4 shall be filed . . . within thirty days after the date of entry of the judgment or order appealed from . . . .").

In this case, the Superior Court granted summary judgment in favor of GERS in an order entered on December 4, 2007. Accordingly, pursuant to Supreme Court Rule 5(a)(1), Appellants' notice of appeal was due on or before January 3, 2008. Appellants, however, did not file a notice of appeal with the Superior Court until January 7, 2008, four days late.

Appellants contend that their appeal was timely filed because J'ouvert — celebrated on Thursday, January 3, 2008 — and the Children's Parade — celebrated on Friday, January 4, 2008 — were legal holidays on which the Superior Court was closed. Because Supreme Court Rule 16(b) provides that, when a deadline falls on a Saturday, Sunday, or a legal holiday, a filing shall not be due until the next day which is not excluded,

Appellants argue that their notice of appeal was not due until Monday, January 7, 2008.

■ We disagree. Although Appellants correctly note that Supreme Court Rule 16(b) governs computation of time for purposes of this Court, Rule 16(b) expressly defines what constitutes a legal holiday:

> As used in this Rule, "legal holiday" refers to the holidays specified in 1 V.I.C. § 171 and includes only January 1 (New Year's Day), January 6 (Three King's Day), Third Monday in January (Martin Luther King, Jr.'s Birthday), Third Monday in February (Presidents Day), March 31 (Transfer Day), Holy Thursday, Good Friday, Easter Monday, Last Monday in May (Memorial Day), July 3 (V.I. Emancipation Day), July 4 (Independence Day), First Monday in September (Labor Day), Second Monday in October (Columbus Day and Puerto Rico Friendship Day), November 1 (D. Hamilton Jackson Day), November 11 (Veterans Day), Fourth Thursday in November (Thanksgiving Day), December 25 (Christmas Day), December 26 (Christmas Second Day) and such other days as the President, or the Governor may by proclamation declare to be holidays.

V.I. S. Ct. R. 16(b). While J'ouvert and the Children's Parade were apparently granted as "holidays" or "administrative days" off for the Superior Court, these days are not included in the list of legal holidays, nor were they declared to be holidays by the President of the United States or the Governor of the Virgin Islands.[1] Thus, neither January 3 nor January 4 constituted legal holidays pursuant to Rule 16(b).

■ Furthermore, contrary to Appellants' assertions, they were not foreclosed from filing their notice of appeal at the Superior Court on January 3, 2008. In its December 13, 2007 press release announcing its holiday schedule, the Superior Court noted that "Advice of Rights and all previously calendared matters will be heard as scheduled" on both dates, indicating that the Superior Court was not fully closed on the dates in question. Press Release, Superior Court of the Virgin Islands, http://www.visuperiorcourt.org/pdf/PRESS%20RELEASE%201.pdf (Dec.

---

[1] This Court takes judicial notice of these facts. *See United States v. Elias*, Nos. CV-06-417-E-BLW, CR-98-70-EBLW, 2008 U.S. Dist. LEXIS 79804, *9 (D. Idaho Oct. 9, 2008) (taking judicial notice that October 3, 2006 was not a legal holiday).

13, 2007).[2] More significantly, the Superior Court's press release stated that "[i]n the District of St. Croix on . . . January 2nd, 3rd, and 4th, 2008, during closure, *filings will be accepted via a secured lockbox* at the entrance on the first floor of the R.H. Amphlett Leader Justice Complex." *Id.* (emphasis added). Accordingly, Appellants had the opportunity to timely file their notice of appeal on January 3, 2008, but chose not to do so. Therefore, this Court shall dismiss Appellants' appeal as untimely.

## III. CONCLUSION

This Court lacks jurisdiction to hear the Appellants' appeal because their notice of appeal has not been timely filed pursuant to Supreme Court Rule 5(a). Accordingly, it is hereby

**ORDERED** that this appeal is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that copies of this order be directed to the parties.

**SO ORDERED** this 30th day of December, 2008.

---

[2] This Court takes judicial notice of these facts. *Elias*, 2008 U.S. Dist. LEXIS 79804 at *9.