NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3167
_____

VIRGIN ISLANDS WATER AND POWER AUTHORITY

v.

GENERAL ELECTRIC INTERNATIONAL INC.,

Appellant
_____

On Appeal from the District of the Virgin Islands
(D.C. No. 3-06-cv-00131)
District Judge:  Honorable Curtis V. Gomez

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2013

BEFORE:  FISHER, SHWARTZ, and NYGAARD, *Circuit Judges*

(Filed:  March 19, 2014)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

I.

In 2006, the Virgin Islands Water and Power Authority (WAPA) sued Appellant

General Electric (GE) for an alleged breach of contract.  The contract in question

involved the inspection and repair of industrial power production equipment. The parties engaged in discovery and mediation. However, in May of 2008, GE moved to compel arbitration and to stay the proceedings during that process.

The Magistrate Judge denied GE's motion, finding it "mooted by the agreement of the parties to engage in production and to mediate . . . ." Approximately ten months later, GE asked the District Court Judge for a hearing on its motion to compel arbitration and to stay the proceedings. The District Court denied GE's motion to compel. First, the Court noted that the Magistrate Judge was not authorized to rule on GE's motion to compel because such decisions are not within the purview of 28 U.S.C. § 636, the Federal Magistrates Act. Then, after engaging in *de novo* review of the contract and other relevant documents, the District Court held that the contract did not contain an arbitration agreement. GE has appealed that decision. WAPA, however, maintains that GE's failure to follow the procedures for challenging a Magistrate Judge's decision, as set out in the Federal Rules, deprived the District Court, and this Court by extension, of jurisdiction.

II.

The Federal Arbitration Act gives us jurisdiction to review a district court's denial of a motion to compel arbitration. 9 U.S.C. § 16(a)(1)(B). WAPA argues that we lack jurisdiction because GE failed to object to the Magistrate Judge's ruling that its motion to compel arbitration was mooted by GE's agreement to proceed with discovery and

2

mediation. Indeed, the record reflects no objection filed by GE within the 10-day time period allotted by the Federal Rules. *See* FED.R.CIV.P. 72(a).[1]

GE maintains that the Magistrate Judge's mootness determination merely deferred or postponed a ruling on its motion to compel arbitration. The District Court agreed,[2] despite its own acknowledgement that the motion had been "administratively terminated." Not only did the District Court believe GE's motion to compel remained pending, it also held that the Magistrate Judge lacked the authority to rule on such matters in the first place. The District Court gave no reasoning for this determination beyond the fact that 28 U.S.C. § 636 does not list "motions to compel arbitration" among the type of motions a magistrate judge is authorized to rule on.

The Local Rules of the District Court for the Virgin Islands refer all pretrial motions in civil cases to federal Magistrate Judges, so long as permitted by 28 U.S.C. § 636. *See* LRCi 72.1. That statute provides that a magistrate judge may hear and determine any pretrial matter pending before the court, with the following exceptions: 1) a motion for injunctive relief; 2) a motion for a judgment on the pleadings; 3) a motion for summary judgment; 4) a motion to dismiss or quash an indictment or information; 5) a motion to suppress evidence in a criminal case; 6) a motion to dismiss or permit

---

[1] Rule 72(a) was amended in 2009 to provide a 14-day period to object to a Magistrate Judge's Report and Recommendation.

[2] Judge Shwartz would agree that the Magistrate Judge's Order finding the motion was moot was a case management order and not a ruling on the merits of the motion to compel arbitration. As a result, she would find it unnecessary to address whether the Magistrate Judge had the authority to rule on the merits of such a motion. Nonetheless, Judge Shwartz joins in Part III of this Opinion and agrees that the District Court should be affirmed.

maintenance of a class action; 7) a motion to dismiss for failure to state a claim; and 8) a motion to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A). This list of dispositive motions is not an exhaustive one, but instead merely "informs the classification of other motions as dispositive or nondispositive." *PowerShare, Inc., v. Syntel, Inc.*, 597 F.3d 10, 13 (1st Cir 2010) (internal quotation marks and citation omitted). The Federal Rules of Civil Procedure are consistent with these classifications. Rule 72 sets out procedures and standards of review for district courts to follow when reviewing dispositive and nondispositive rulings made by Magistrate Judges.

As noted previously, the District Court concluded that Section 636(b)(1)(A) does not authorize a Magistrate Judge to rule on a motion to compel arbitration. It offered no reasoning for this conclusion beyond noting that § 636 did not mention such motions. The fact that the statute does not specifically mention motions to compel arbitration is irrelevant, however. The appropriate inquiry is whether such a motion is dispositive and motions to compel arbitration and stay the proceedings are not. Such motions, to begin with, are not among those listed in § 636(b)(1)(A) and are therefore not specifically excluded. Nor, as the Court of Appeals for the First Circuit has noted, are they the same type of motion as those delineated in the statute. *Powershare,* 597 F.3d at 14. We agree with the First Circuit. A ruling on a motion to compel arbitration does not dispose of the case, or any claim or defense found therein. Instead, orders granting this type of motion merely suspend the litigation while orders denying it continue the underlying litigation. *See id*. And, even where motions to compel arbitration are granted, federal courts continue to retain the authority to dissolve any stay or make any orders effectuating

4

arbitration awards. S*ee id.* (citing 9 U.S.C. § 9 (permitting parties to apply to the court for an order confirming an arbitration award); *id*. at § 10 (providing the district courts with authority to vacate an arbitration award); *id.* at § 11 (providing district courts with authority to modify an arbitration award)). Given this, we see no exercise of Article III power when a Magistrate Judge rules on a motion to compel arbitration. Therefore, the District Court incorrectly concluded that Magistrate Judges lack the authority to rule on such requests.

Given that the motion to compel arbitration was properly before the Magistrate Judge, GE was obligated to seek review of that order in the District Court within fourteen days of its issuance. *See Washington v. Hovensa LLC,* 652 F.3d 340, 348 (3d Cir. 2011); *United Steelworkers of Amer. v. New Jersey Zinc Co., Inc*., 828 F.3d 1001, 1007-08 (3d Cir. 1987) ("[P]arties who wish to preserve their objections to a magistrate[] [judge's] order entered pursuant to 28 U.S.C. § 636(b)(1)(A) must file their objections in the district court."). GE did not seek review of the Magistrate Judge's mootness order.[3] *See* FED.R.CIV.P. 72(a); LRCi 72.1. This failure deprived the District Court of the opportunity to remedy any error on the question of mootness. However, while GE's failure to seek review is not a jurisdictional defect, *see United States v. Polishan*, 336 F.3d 234, 239-40 (3d Cir. 2003) (citation omitted), a waiver rule does apply. *See*

---

[3]GE argued and the District Court apparently agreed that the Magistrate Judge's order finding the motion to compel arbitration moot had no effect. We disagree. A ruling on mootness, while not dispositive, is a determination nonetheless. By finding the motion moot, the Magistrate Judge, in effect, denied it.

*Steelworkers*, 828 F.2d at 1007-08. Accordingly, GE's challenge to the propriety of the Magistrate Judge's order is waived because GE failed to object and we will not review it.

III.

Even were we not to find waiver here, we are satisfied that the contract in question lacks a valid agreement to arbitrate and, on that point, the District Court did not err.[4] Arbitration "is a matter of consent, not coercion." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989). "[A] party may not be compelled under the [Federal Arbitration Act] to submit to . . . arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) (discussing class arbitration). To determine whether the parties agreed to arbitrate a dispute, we employ state principles of contract law. *See Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 532 (3d Cir. 2009).[5]

Because the actual contract between the parties does not contain an arbitration agreement, GE calls our attention to a document referenced in that contract entitled

---

[4] Our review of the District Court's order denying the motion to compel arbitration is plenary. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 159 (3d Cir. 2009) (citations omitted). That means we apply the same standard as the District Court, and we will compel arbitration only where there is "no genuine issue of fact concerning the formation of the agreement" to arbitrate. *Id.* (citing *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51, 54 (3d Cir.1980)).

[5] Virgin Islands law upholds contracts where there is "mutual assent" between the parties. *See Morales v. Sun Constructors, Inc.,* 541 F.3d 218, 221 (3d Cir. 2008) (citations omitted).

6

"General Terms and Conditions," as the location for such an agreement. The section GE relies on is entitled "Dispute Resolution" and provides:

> The Arbitration will be conducted by three (3) arbitrators in accordance with the American Arbitration Rules in effect at the time of the controversy. Each side will appoint one arbitrator, and the two arbitrators so appointed will appoint the third arbitrator. The arbitrators shall render any decision or award based solely on "baseball" or "winner-take-all" type of arbitration and they will only have the authority to select either the amount or remedy proposed by Buyer or by Seller, and none other. The decision of the arbitrators shall be final and binding upon both parties, and neither party shall seek recourse to a law court or other authorities to appeal for revisions of such decision. The reasonable costs of arbitration as well as reasonable legal fees and expenses of any dispute conducted pursuant to this Article, shall be borne solely by the loser at arbitration.

As the District Court correctly noted, there simply is no express or implied clause in this passage evincing the parties' agreement to arbitrate. Further, there is no language from which we could ascertain what type of disputes the parties are subjecting to arbitration. Instead, this clause merely relates procedures for selecting arbitrators, and sets out how those arbitrators will make their decisions and which party will pay the costs of any such proceedings.

## IV.

In sum, by failing to appeal the decision of the Magistrate Judge, GE waived any challenge to the propriety of his order. And, even were we to excuse such a waiver, the contract in question does not contain an agreement to arbitrate and, therefore, we see no error in the District Court's decision to deny GE's motion to compel arbitration. Accordingly, we will affirm.

7