**FILED**
August 18, 2025 03:02 PM
ST-2025-CV-00086
TAMARA CHARLES
CLERK OF THE COURT




**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| CARIBBEAN OFF THE GRID PLAZA, INC., | ) | CASE NO.: ST-2025-CV-00086 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOOLINK, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**2025 VI Super 28U[1]**

MATTHEW J. DUENSIN, ESQ.
Law Offices of Duensing & Casner
St. Thomas, USVI
*Counsel for Plaintiff, Caribbean Off the Grid Plaza, Inc.*

ERIC A. HILLER, ESQ.
NIVA HARNEY-HILLER, ESQ.
Kennedys CMK LLP
Miami, Florida
*Counsel for Defendant, Hoolink, LLC*

### <u>MEMORANDUM OPINION AND ORDER</u>

¶1    **THIS MATTER** is before the Court on the following:

1. Defendant Hoolink, LLC's ("Hoolink") Motion to Dismiss and Response in Opposition to Plaintiff's Application to Vacate Arbitration Award, filed April 3, 2025. This was supported by the following exhibits:

   - Exhibit 1—December 11, 2024 Arbitration Award in Case ST-2020-CV-00260,

---

[1] This opinion has been designated as unpublished for several reasons. Superior Court Rule 17.1 contains mandatory language placing on obligation on parties and their counsel to identify "Related Cases" and give notice to the Court. Upon such notice, ministerial action by either the Clerk or the Presiding Judge consolidating the matters is mandated. Yet, the Plaintiff initiated this action to challenge the arbitration award that resulted from an order compelling arbitration and staying that case pending a final arbitration award without filing a notice of related case pursuant to Rule 17.1. Given the present procedural posture and the mandatory language of the Rule, such an opinion is of public interest. However, the absence of any precedent (either published or unpublished) counsels against publication.

**2025 VI Super 28U**

- Exhibit 2—March 7, 2025 email from Joseph Sauerwine, Esq., of the Law Offices of Duensing and Casner, providing a copy of Plaintiff's Notice of Action to Vacate Arbitration Award,

- Exhibit 3—March 18, 2025 email from Eric A. Hiller, Esq., of Kennedys CMK, LLP, informing Plaintiff's counsel that Defendant had not authorized counsel to accept service, and

- Exhibit 4—April 3, 2025 declaration under penalty of perjury of the "Registered Agent"[2] of Defendant declaring the initiating document in this Case was served upon him on March 13, 2025; and

2. Plaintiff Caribbean Off the Grid Plaza's ("Off the Grid")[3] Opposition to Motion to Dismiss and Reply to Response in Opposition to Application to Vacate, filed April 22, 2025. This was supported by the following exhibits:

---

[2] *See generally* BLACK'S LAW DICTIONARY 70 (8th ed. 2004) (defining "Registered Agent" as "A person authorized to accept service of process for another person, esp. a corporation, in a particular jurisdiction. – also termed resident agent"); *id.* at 1309 (defining "Registered Agent" and referring to definition 2 of "Agent"); *id.* at 68 (second definition of "Agent" is "one who is authorized to act for or in place of another; representative").

[3] The Parties have referred to Plaintiff as both a limited liability company ("LLC") and a corporation ("Inc."). Plaintiff has not disputed that Plaintiff is a juridical entity with the name Caribbean Off the Grid Plaza and has not argued that the purported LLC and Inc. are, in fact, different juridical persons, thus waiving that argument. *Gov't of the V.I. v. Crooke*, 54 V.I. 237, 259 (V.I. 2010) (objections to evidence not Fairly Presented (i.e., timely raised) are waived) ("[T]his Court, in its independent review of [the record], has . . . failed to recognize any filing that could be construed as a specific objection to admission of the May 20, 2000 and August 30, 2000 letters . . . . . . . Accordingly, DPNR and PERB have clearly failed to preserve their challenge to the Superior Court's consideration of the May 8, 2000 and August 30, 2000 letters."); *see Perez v. Ritz-Carlton (V.I.), Inc.*, 59 V.I. 522, 528 (V.I. 2013) ("Like an issue raised for the first time in an appellate reply brief, an issue raised for the first time in a reply [in the Superior Court] is deemed waived because the opposing party typically does not have the opportunity to respond."); *Allen v. Hovensa, L.L.C.*, 59 V.I. 430, 436 (V.I. 2013) (arguments raised for the first time at oral argument, like argument raised for the first time in reply are waived); *e.g.*, *World Fresh Markets, LLC v. Henry*, 71 V.I. 1161, 1173 (V.I. 2019) ("This Court has previously—in . . . *Skepple v. Bank of N.S.*, 69 V.I. 700, 722-24 (V.I. 2018), and *Dupigny* [*v. Tyson*], 66 V.I. at 439— addressed circumstances of waiver remarkably similar to those presented in this appeal."); *Appleyard v. Governor Juan F. Luis Hosp. & Med. Ctr.*, 61 V.I. 578, 584 (V.I. 2014) ("[T]he record reflects that JFL never moved the Superior Court for a stay pending arbitration, and that the Superior Court did not base its decision to deny Appleyard's motion for a preliminary injunction on that premise. In that context, we decline to entertain this argument for the first time on

**2025 VI Super 28U**

appeal." (citing former V.I.S. CT. R. 4(h)); *cf.* V.I.R. APP. P. 4(h) (arguments raised for the first time on appeal (i.e., arguments not "Fairly Presented" in the trial court) are waived).

Notably, Caribbean Off the Grid Plaza, LLC is a juridical entity registered with the Division of Corporations and Trademarks in the Office of the Lieutenant Governor of the Virgin Islands. *See generally* V.I.R. Evid. 201 (entitling a court to take judicial notice of adjudicative facts); *Williams v. People*, 78 V.I. 691, 704 (V.I. 2024) ([W]e may take judicial notice of prior judicial proceedings. Thus, we notice the facts and other evidence in Williams' direct appeal of his original convictions to this Court published in 59 V.I. 1024."); *e.g.*, *id.*, 78 V.I. at 704 n.6 ("[W]e take judicial notice that the People presented numerous trial witnesses whose testimony the jury had latitude to evaluate." (citing V.I. R. EVID. 201(c)(1), (d); *Victor v. Todman*, 2024 VI 18, ¶27 n.5 ("It is noted that, as a matter of public record, in case ST-08-CV-313, submitted as an exhibit, is evidence that, in 2008, Victor denied paternity, and Todman had to obtain a paternity test to obtain a child support order to force Victor to support his son."); *Moore v. Walters*, 61 V.I. 502, 505 n.2 (V.I. 2014); *Codrington v. Gov't of the V.I.*, 2016 WL 6948761, at *3 n.9 (V.I. Super. Ct. Nov. 18, 2016) (unpublished) ("A court will take judicial notice of its own acts and records in the same case, of facts established in prior proceedings in the same case, of the authenticity of its own records of another case between the same parties, of the files of related cases in the same court, and of public records on file in the same court.")); *V.I. Gov't Hosp. & Health Facilities Corp. v. Wrensford*, 2025 VI 12, ¶40 n.17 ("This Court notes that Dr. Wrensford filed a motion for leave to file a first amended complaint and an amended motion thereof on September 17, 2024 and September 18, 2024, respectively." (citing *Cianci v. Chaput*, 64 V.I. 682, 690 n.2 (V.I. 2016); *King v. Appleton*, 61 V.I. 339, 348 (V.I. 2014))); *King*, 61 V.I. at 348 ("[T]he Superior Court may take judicial notice of the existence of a document that has been filed with it in another proceeding." (quotation marks and citation omitted)); *Mendez v. Gov't of V.I.*, 56 V.I. 194, 205 (2012) ("[A]ll of the documents from Mendez's criminal case file that the Superior Court relied upon in its decision—such as the District Court's opinion dismissing the criminal charges against him—are those of which the Superior Court was permitted to take judicial notice." (citations omitted)); *In re J.J.J.*, 59 V.I. 319, 329 (V.I. 2013) (The Superior Court "may take judicial notice of the existence of a document that has been filed with it" in another proceeding.); *see generally, e.g.*, *Clark v. GERS*, 50 V.I. 342, 344-45 (V.I. 2008) (per curiam) (taking judicial notice of a press release of the Judicial Branch of the Virgin Islands); *Mapp v. Fawkes*, 61 V.I. 521, 535 (V.I. 2014) ("This Court takes judicial notice of the election results released by the Supervisor of Elections on November 11, 2014, available at *http://www.vivote.gov/sites/default/files/0648%20pm%20Report%20Nov%2011.HTM.*, and archived at *http://perma.cc/GZU9–Z8XT*, of which we take judicial notice." (citing *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010); *Jefferson Cnty Election Comm'n v. Hollingsworth*, 445 S.W.3d 504, 506-07(Ark. 2014))); *Streibich v. Kaplanek*, 2025 VI 13, n.2 ("To construct a more comprehensive and accurate background, this Court takes judicial notice of other courts' dockets and papers." (citing *Cianci*, 64 V.I. at 690 n.2; *King*, 61 V.I. at 348); *Magras v. People*, 2024 VI 36, n.1 ("For purposes of this memorandum opinion and order, this Court takes judicial notice of the existence of other cases pending in the Superior Court of the Virgin Islands as well as certain papers that have been filed in those cases." (citing *King*, 61 V.I. at 348); *Cianci*, 64 V.I. at 690 n.2)); *Brunn v. Dowdye*, 59 V.I. 899, 906 (V.I. 2013) ("[T]he Superior Court could take judicial notice of the May 9, 2008 Judgment and Commitment . . . ."); *Gov't of V.I. v. United Indus.*, 64 V.I. 312, 319 (V.I. 2016) ("Although the parties did not include the District Court record in their joint appendix, this Court may take judicial notice of its existence and its contents." (citing *Farrell v. People*, 54 V.I. 600, 615–16 (V.I. 2011))); *Simon v. Joseph*, 59 V.I. 611, 620 n.8 (V.I. 2013) ("In his appellate brief, Simon, in his Statement of Related Cases and Proceedings, claims that "[t]here is no related proceeding currently pending before any other courts." As we explained above, this is certainly not the case, since appeals related to Simon's second and third local habeas corpus petitions remain pending. And as we explain below, the pendency of those appeals is highly relevant to the instant appeal. Nevertheless, despite Simon's failure to bring these matters to our attention, we may take judicial notice of the stated proceedings." (citing *Mendez*, 56 V.I. at 205)).

**2025 VI Super 28U**

- Exhibit 1—Order Compelling Arbitration[4] entered[5] on August 5, 2020, in Case ST-2020-CV-00260,

- Exhibit 2—December 1, 2017 Commercial Lease between Plaintiff and Defendant; and

3. Defendant's Reply in Support of its Motion to Dismiss, filed May 24, 2025. This reply was supported by the following exhibit:

---

[4] Off the Grid, by presenting this exhibit, waived any objection thereto. *Yusuf v. Hamed*, 59 V.I. 841, 852 n.5 (V.I. 2013) ("Yusuf and United assert that the Superior Court erred by taking judicial notice of, and 'rel[ying] almost exclusively on,' Yusuf's February 2000 deposition testimony because 'courts may not take judicial notice of either factual findings or the record of another case, including testimony, as substantive proof of the matters asserted.' But as Hamed notes, Yusuf and United have waived this argument, as they did not object to the admission of the deposition testimony on these grounds before the Superior Court. Although Yusuf and United did object when Hamed moved for the court to take judicial notice of the testimony, they objected only "under the rule of completeness," indicating that Hamed had introduced 'cherry pick[ed]' portions of the testimony transcript. To preserve an objection on appeal, a party must object on the specific grounds raised on appeal, and "a general objection or an objection on other grounds will not suffice." Furthermore, to the extent the Superior Court committed any error in taking judicial notice of the deposition testimony, Yusuf and United invited this error when they stated that "we intend to offer the entire deposition. As a matter of fact, we submitted a certified copy of the deposition before today's hearing, so it's already in the court record." (quoting *United States v. Gallo–Chamorro,* 48 F.3d 502, 507 (11th Cir.1995), and citing V.I.S.CT.R. 22(m) (now V.I.R. APP. P. 22(m)); Fed. R. Evid. 103(a)(1)(B) ("A party may claim error in a ruling ... if the ruling admits evidence, a[nd the] party ... timely objects or moves to strike; and ... states the specific ground...."); *Castillo v. People,* 59 V.I. 240, at 276 (V.I. 2013) (Invited error does not provide grounds for reversal.); *see, e.g.*, *Ubiles v. People*, 66 V.I. 572, 583-84 (V.I. 2017) (Defendant waived objection to exhibit by entering in evidence.). Hoolink has not objected to this exhibit nor otherwise requested to "be heard on the propriety" of taking judicial notice, thus waiving any objection. *Crooke*, 54 V.I. at 259; *see generally* V.I.R. Evid. 201(e) (A "party is entitled to be heard on the propriety of taking judication notice . . . ."). Because both Parties waive any objection to this exhibit, the Court dispenses with providing an opportunity to "be heard on the propriety of taking judicial notice" of the order and its contents.

[5] *See generally World Fresh Markets, LLC v. Henry*, 71 V.I. 1161, 1177 (V.I. 2019) ("'Entry' is 'the placement of something . . . on the record.' BLACK'S LAW DICTIONARY 574 (8th ed. 2004); *id.* at 572 (defining "enter" as "to put formally before the court or on the record <the defendant entered a plea of no contest>.") (citing also *Kansas Packing Co. v. Lavilla*, 39 V.I. 71, 74 (V.I. Super. Ct. 1998)); *Kansas Packing*, 39 V.I.at 74 ("In the matter *sub judice,* the Court Order, while signed on Monday, December 8, 1997, was not entered by the Clerk of the Court until Tuesday, December 9, 1997. Therefore, the 14 day time period prescribed by FED. R. CIV. P. 54(d)(2)(B) began to run the following day, Wednesday, December 10, 1997."); *see Miller v. Sorenson*, 67 V.I. 861, 873 (V.I. 2017) ("The words 'order of confirmation of sale' categorically refer to the order that confirms the sale, and the operative date from which the six months is calculated is the date of entry of the order." (citing *Chase Manhattan Bank v. Robert–Surzano*, 51 V.I. 1024, 1039 (D.V.I. App. Div. 2009))).

**2025 VI Super 28U**

- Exhibit 1—March 20, 2024 email from Joseph Sauerwine, Esq., of the Law Offices of Duensing and Casner,[6] stating, inter alia, the following:

> While you are correct that the prosecuting party needs to demonstrate a nexus to interstate commerce, and ignoring the obvious delay in informally requesting such showing this late into arbitration, the burden "is relatively low." *Whyte v. Bockino*, 69 V.I. 749, 761 (2018) (citing *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003)). "Precisely, for an interstate nexus to exist, the parties' agreement need not be in interstate commerce nor have a substantial effect on interstate commerce; in other words, the FAA commands the "full reach" of Congress's commerce power." *Id.* The underlying matter is a commercial dispute, which inherently affects interstate commerce under the doctrine set by *Wickard v. Filburn* and expanded thereafter. Though it does not involve a trading agreement, the contract undoubtedly encompasses a transaction "involving" interstate commerce, as it involves "business property."[7] *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995); *Russell v. United States*, 471 U.S. 858, 862 (1985). This is the case regardless of whether the parties contemplated a connection to interstate commerce. *Id.*

For the reasons outlined below, the Parties are ordered to comply with Virgin Islands Superior Court Rule 17.1;[8] and ruling on Defendant's Motion to Dismiss is reserved, as this matter is already pending before the Honorable Denise M. Francois, in <u>Hoolink, LLC v. Caribbean Off the Grid Plaza</u>, Sup. Ct. Civ. No. ST-2020-CV-00260 ("Case 2020-CV-00260").

---

[6] Plaintiff has not objected to this exhibit nor has Plaintif's counsel disputed the authenticity asserting this was not what was communicated, thus waiving any objection. *Crooke*, 54 V.I. at 259.

[7] *Cf., e.g.*, *Whyte v. Bockino*, 69 V.I. 749, 761 (V.I. 2018) ("[T]he employment contract required that Whyte send any notices to Pueblo to an address that the company maintains in Chicago, Illinois. This provision regulating an important aspect of the parties' agreement is sufficient to establish an interstate nexus. In addition, Pueblo notes in its response to Whyte's opposition to its motion to compel arbitration that Whyte, as an assistant store manager and later, a store manager, for a business that receives its goods from interstate commerce, had managerial control over products Pueblo imports, which "arrive to St. Croix via container ship." Therefore, it appears that the employment contract "affects interstate commerce," as even the slightest nexus is sufficient. Hence, based on the record in this case, Pueblo sufficiently met its burden to establish an interstate nexus, if necessary." (citing *Allied–Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 279–81 (1995); *Alafabco, Inc.*, 539 U.S. 52, 56 (2003); *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995); *Snyder v. Smith*, 736 F.2d 409, 418 (7th Cir. 1984), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *Allen*, 59 V.I. at 434 n.2)).

[8] For the history of the promulgation of this rule, *see generally In re Sugar Island Master Ass'n, Inc.*, 78 V.I. 483, 489–90 (V.I. Super. Ct. 2024).

**2025 VI Super 28U**

## BACKGROUND

¶2      On March 6, 2025, Off the Grid initiated the present proceeding by filing a document titled "Complaint to Vacate Arbitration Award."[9]  This filing (and accompanying exhibits) makes clear that the two Parties presently before the Court were both Parties to Case 2020-CV-00260, which had been commenced on June 26, 2020, when Hoolink filed a Complaint against Off the Grid for various causes of action related to a lease agreement and Off the Grid's actions taken in relation to property subject to the lease.[10]

¶3      For over one year, the Parties litigated various motions before the Honorable Denise M. Francois.  On July 7, 2020, Off the Grid requested that the Court stay Case 2020-CV-00260 and order the Parties to arbitrate the claims in the Complaint.[11]  By Article 31, Section 31.5 of the lease between Off the Grid (the landlord) and Hoolink (the tenant), the Parties had agreed to arbitrate any disputes over the lease "in accordance with the Commercial Arbitration Rules of the American Arbitration Association (or such other rules as the parties may agree to)."[12]

¶4      The Court entered the Order Compelling Arbitration (which also ordered the Parties to mediation) on August 4, 2020.[13]  That order expressly stated "that Hoolink, LLC's Verified Complaint is STAYED pending arbitration of this matter, with the exception of Count I of its Verified Complaint and its Emergency Motion for Temporary Restraining Order, and a Preliminary and Permanent Injunction, which was filed on July 7, 2020."[14]

---

[9] Compl., p. 1; *see generally* V.I.R. Civ. P. 3 (action commenced with filing complaint).
[10] Opposition to Motion to Dismiss and Reply to Response in Opposition to Application To Vacate ("Opposition"), Ex. 1, p.4, para. 26, April 22, 2025 (Exhibit 1 is the August 4, 2020 Order staying Case 2020-CV-0026.).
[11] Opposition., Ex. 1, p. 1 (introductory paragraph).
[12] Opposition, Ex. 1, p. 5, para. 29.
[13] Opposition, Ex. 1, p.7.
[14] *Id.*

**2025 VI Super 28U**

¶5     On July 18, 2023, in Case 2020-CV-00260, Findings of Fact and Conclusions of Law were entered in which the Court found that "the [P]arties' claims against each other are subject to arbitration[;] **the Court must retain jurisdiction . . . to[, inter alia] enforce an arbitration award** . . . ." (emphasis added). "[T]he Court will stay proceedings while the Parties' remaining disputes are addressed through arbitration."[15]  A judgment consistent with these Findings of Fact and Conclusions of Law was also entered on July 18, 2023.

¶6     The filings in this matter establish that, in compliance with the order in Case 2020-CV-00260, the Parties engaged in arbitration, which had reached its conclusion with issuance of a final arbitration award December 11, 2024.[16]  Following the commencement of this Case (2025-CV-00086), Hoolink filed the present motion to dismiss.[17]

## ANALYSIS[18]

¶7     "A motion to stay the proceedings and to compel arbitration is non-dispositive because there is no final exercise of judicial authority by the court until after the arbitration process is

---

[15] *See generally cf. Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 188 (V.I. 2009) ("[T]he presence of an arbitration agreement does not deprive the trial court of subject matter jurisdiction.  Since the trial court may stay the proceeding pending arbitration, it does not lose jurisdiction of the subject matter.  In fact, motions seeking the dismissal of an action on the basis that arbitration is required are not jurisdictional as they raise a defense to the merits of an action.  Such motions are not covered by Rule 12(b)(1), dealing with subject matter jurisdiction, but are instead considered under Federal Rules of Civil procedure 12(b)(6) or 56." (citing *Harris v. Green Tree Fin. Corp.,* 183 F.3d 173, 176 (3d Cir.1999); *Lloyd v. Hovensa, LLC,* 369 F.3d 263, 272 (3d Cir.2004); *John Ashe Assocs., Inc. v. Envirogenics Co.,* 425 F. Supp. 238, 241 n. 3 (E.D.Pa.1977); *Nationwide Ins. Co. of Columbus, Ohio v. Patterson,* 953 F.2d 44, 45 n. 1 (3d Cir.1991))); *Williams v. People*, 2024 VI 27, n.13 (citing BLACK'S LAW DICTIONARY 1548 (9th ed. 2009) (defining "stay" as "[t]he postponement or halting of a proceeding, judgment, or the like" and "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding[; a]lso termed stay of execution")).
[16] Compl., para 5-10.
[17] Mot. to Dism., p.1.
[18] Every court is obligated to ensure that it is acting within its subject matter jurisdiction.  This Court is a court of "general jurisdiction," giving rise to the presumption that subject matter jurisdiction is exercised correctly. *Captain's Command at Bluebeard's Beach Club Interval Ownership Condo. Assoc. v. Bonner*, 2025 VI Super 19U, ¶8.  Nothing in the record gives rise to any concern that something has arisen that rebuts this presumption, and the Court is unaware of anything capable of judicial notice that would do so or otherwise require it to refrain from action.

**2025 VI Super 28U**

completed, at which time the court has the jurisdiction to affirm, modify, or vacate the arbitrator's awards, where the action remains lodged."[19]  Thus, by the express terms of the Findings of Fact and Conclusions of Law and order compelling arbitration, the subject matter of this Case (along with the Parties to this case) seeking to vacate the arbitrator's award is already subject to the jurisdiction of the Court in the original stayed proceedings, as the Court concluded that granting "a motion to stay the proceedings . . . leaves the Superior Court with the jurisdiction to enforce the arbitration award."[20]

¶8     The Virgin Islands Supreme Court has mandated that the rules of Superior Court of Virgin Islands be "construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination of unjustifiable expense and delay."[21]  Additionally, this Court has "the

---

[19] *Xavier v. Treasure Bay V.I. Corp.*, 78 V.I. 929, 940-941 (V.I. 2024); *see V.I. Water & Power Auth. v. General Elec. Int'l*, 561 Fed. Appx. 131, 133 (3d Cir. 2014) (concluding that motions to compel arbitration and stay the proceedings are not dispositive because such a ruling does not dispose of the case; instead it merely suspends it, and the court maintains its authority to dissolve the stay or make orders effectuating arbitration awards); *see also PowerShare v. Syntel*, 597 F.3d 10, 14 (1st Cir. 2010) (holding that a motion to stay litigation pending arbitration was not dispositive because "[e]ven if such a motion is granted, the court still retains authority to dissolve the stay or, after the arbitration has run its course, to make orders with respect to the arbitral award.").

[20] *Xavier.*, 78 V.I. at 942.

[21] V.I. SUPER. CT. R. 1(a) (The Superior Court rules "are intended to provide for the just determination of causes coming within the jurisdiction of the Court.  They shall be liberally construed . . . ."); *see also* V.I.R. CIV. P. 1 (Rules of Civil Procedure must "be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every proceeding.").

**2025 VI Super 28U**

inherent authority of the courts of the Virgin Islands to manage the cases on [its] docket[.]"[22]

Furthermore, the Parties and the Court are not free to disregard the Court rules.[23]

¶9      Indeed, the Virgin Islands Supreme Court has repeatedly admonished that the Parties to a case in this Court are prohibited from both implicit stipulation to the law by omission and explicit stipulation to the law.[24]      Furthermore the Virgin Islands Supreme Court has repeatedly "emphasized, it is not only the right but the duty of the Superior Court judge to refuse to intentionally commit error."[25]      Superior Court Rule 17.1 governs the disposition of the present motion; and the Court must diligently apply this rule correctly.  Therefore, the Court will consider the mandates of Superior Court Rule 17.1 governing consolidation of related cases.

---

[22] *In re Christopher*, 77 V.I. 648, 656, 2023 VI 9 (2023); *Limetree Bay Terminals, LLC v. Liger*, 2024 VI 26, ¶ 30 ("This Court has long recognized, as one such inherent judicial power, the authority of the courts of the Virgin Islands to exercise discretion over how to manage the cases on their docket. This inherent judicial power to manage the docket is not unique to the courts of the Virgin Islands but is a power 'of ancient origin,' that extends to 'every court.'" (quoting *Landis v. North Am. Co.,* 299 U.S. 254 (1936); *Feuerman v. Feuerman*, 667 A.2d 802, 803 (Conn. Ct. App. 1995), and citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *J.W. Hancock Enters. v. Ariz. State Registrar of Contractors*, 690 P.2d 119, 124 (Ariz. App. 1984); *In re Sheesley,* 70 V.I. 1007, 1023 (V.I. 2019); *Greene v. V.I. Water & Power Auth.*, 67 V.I. 727, 740 (V.I. 2017); *In re N.A.W.*, 61 V.I. 145, 152 n.5 (V.I. 2014); *In re Burke*, 50 V.I. 346, 350-51 (V.I. 2008))); *see Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 621–22 V.I. (2012) (A "trial judge has the discretion to reconsider an issue and should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, *might* lead to an unjust result." (quoting *Swietlowich v. Cnty. of Bucks,* 610 F.2d 1157, 1164 (3d Cir.1979)).

[23] *Henry v. Dennery*, No. S.CT.CIV. 2012-0130, 2013 WL 206128, at *2 (Jan. 11, 2013) (per curiam) (unpublished) ("The fact that the Appellate Division believed that proceeding in derogation of Rule 322 in this case would somehow benefit both parties by providing them with additional due process rights is simply no excuse for a single judge setting aside a mandatory court rule that was validly adopted by the Superior Court pursuant to its rulemaking authority."); *e.g., Estate Chocolate Hole Landowners' Ass'n, Inc. v. Cenni*, 2024 VI 20, ¶ 19-20.  The present facts do not implicate a contract to apply the law of a specific jurisdiction, and this opinion is limited to the facts presented and law discussed. *See generally In re Moorhead*, 2022 VI 20, ¶17 n.1 ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions.") (quoting Sakamoto v. Duty Free Shoppers, Ltd., 764 F.2d 1285, 1288 (9th Cir. 1985)); *e.g.*, *Mosler v. Gerace*, 2024 VI 1, ¶22.

[24] *Dennery*, 2013 WL 206128, at *2 (citing *Rohn v. People,* S. Ct. Crim. No.2011–0087, 2012 WL 5901924, at *2 (V.I. Nov. 21, 2012); *Matthew v. Herman,* 56 V.I. 674, 682 (V.I. 2012)); *Gerace v. Mosler*, 76 V.I. 195, 201 (V.I. Super. Ct. 2022) ("After all, the Court and not the parties has the inherent authority to manage the docket and Rule 6-1 of the Virgin Islands Rules of Civil Procedure requires 'leave of the Court' and not the agreement of the non-moving party.  Plus, it is not legally and procedurally sound to allow the parties to circumvent the Virgin Islands Rules of Civil Procedure by simply stipulating and doing away with the rules they do not want to follow." (citing V.I. R. CIV. P. 6-1(e)(2); *Dennery*, 2013 V.I. Supreme LEXIS 4, at *6)).

[25] *Dennery*, 2013 WL 206128, at *2 (alterations and internal quotations omitted) (quoting *Fontaine v. People,* 56 V.I. 571, 590 n.12 (V.I. 2012)).

**2025 VI Super 28U**

## I.  PRINCIPALS AND CANONS OF CONSTRUCTION AND INTERPREATOIN OF COURT RULES

¶10    Although there is some nuanced differentiation, Court rules and statutes are interpreted by the same method, with rules interpreted more flexibly concentrating on the rule's purpose in achieving a trial for the truth to meet the ends of justice.[26]  This Court is to apply the "Dictionary Definition Rule," which requires that:

> the courts of the Virgin Islands, when engaging in statutory interpretation, to first, apply any statutory definitions provided by the Legislature that are specifically applicable to the section, chapter, title, etc. under consideration; second, apply the general definitions provided in section 41 of title 1; third, apply an accumulated legal meaning as articulated in binding precedent; fourth, apply the relevant definition provided in a law dictionary or relevant persuasive authority; fifth, apply relevant technical definitions such as when professional jargon is used; and sixth, apply the common meaning as provided in a dictionary.[27]

Court rules "'are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances.'"[28]  "[C]ourts generally interpret rules of . . . procedure 'in light of the history of their adoption'."[29]  Further, the Virgin Islands Supreme Court has mandated that the Virgin Islands Rules of Civil Procedure "be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every proceeding."[30]  Under this standard, so long as the rule's purpose is not subverted, a rule should be flexibly applied, "bending the rule and softening the harsh result dictated by its literal application."[31]

---

[26] *Captain's Command*, 2025 VI Super 19U, ¶12.

[27] *Littoral Woodlands, LLC v. Henry*, 2025 VI Super 13, ¶66 (citations, alterations, and quotations omitted).

[28] *Gov't of the V.I. v. Knight*, 989 F.2d 619, 626–27 (3d Cir. 1993) (quoting *Fallen v. United States,* 378 U.S. 139, 142 (1964), *abrogated on other grounds by Carlisle v. United States,* 517 U.S. 416, 424 (1996)).

[29] *Corraspe v. People*, 53 V.I. 470, 481 (V.I. 2010) (citation omitted).

[30] V.I.R. CIV. P. 1; *see also* V.I. SUPER. CT. R. 1(a) (The Superior Court rules "are intended to provide for the just determination of causes coming within the jurisdiction of the Court.  They shall be liberally construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination f unjustifiable expense and delay.").

[31] *Knight*, 989 F.2d at 626 ("In *Fallen,* a pro se prisoner mailed a notice of appeal eight days after sentencing.  Due to the infrequent prison mail pickup schedule, the notice did not reach the courthouse until five days later.  The defendant

**2025 VI Super 28U**

II.   **PLAINTIFFS TO ANY ACTION IN THE SUPERIOR COURT HAVE A MANDATORY OBLIGATOIN TO FILE A NOTICE OF RELATED CASES, AND OFF THE GRID HAS FAILED TO MEET THIS OBLIGATION.**

¶11    This Court, counsel, and the Parties have a duty, "when a civil case is filed," to "file a notice, contemporaneously with the complaint . . ., identifying by caption and number, each related case . . ." and to consolidate such related cases.[32]  The Virgin Islands Supreme Court has expressly admonished that "Attorneys and self-represented parties shall immediately notify the Clerk's Office, in writing, anytime they become aware of the existence of a related case."[33]  Cases are considered related if they involve the same or similar claims between one or more of the same parties "that arise out of the same event, transaction, or contract."[34]

---

thus failed to comply with the literal terms of the then effective Federal Rules of Criminal Procedure, which required a notice of appeal to be filed within ten days of sentencing.  The Supreme Court nevertheless allowed the prisoner to proceed on the merits of the appeal because 'petitioner had done all that could reasonably be expected to get the letter to its destination within the required 10 days.'  The purpose of the notice requirement—compelling litigants to take all precautions to ensure that appeal notices promptly reach the courthouse—was not subverted . . . ." (quoting *Fallen,* 378 U.S. at 144); *Nibbs v. People*, 52 V.I. 276, 286 (V.I. 2009) (per curiam))).

[32] V.I. SUPER. CT. R. 17.1 ("the plaintiff/petitioner, or [their] attorney, shall file . . . ."); *Miller*, 67 V.I. at 873 ("Use of the mandatory "shall" indicates that the redemption must occur within six months of the entry of the order of confirmation of the sale of the foreclosed property." (citing BLACK'S LAW DICTIONARY 1407 (10th ed. 2014) (shall indicates that a person "has a duty to; more broadly, is required to <the requester shall send notice> <notice shall be sent>. This is the mandatory sense that drafters typically intend and that courts typically uphold.")); *In re L.O.F.*, 62 V.I. 655, 663 (V.I. 2015) (use of "shall" creates an obligation "impervious" to discretion (citing *Shoy v. People,* 55 V.I. 919, 927 (V.I. 2011); 3A Norman J. Singer & J.D. Shambie Singer, Sutherland Statutes & Statutory Construction § 69:4 (7th ed. 2007))); *Shoy,* 55 V.I. at 927 (V.I. 2011) ("The use of the mandatory word 'shall' normally serves to create an obligation impervious to judicial discretion."); *see In re Sugar Island*, 78 V.I. at 488 ("The use of the word "shall" in the first sentence of the third paragraph of Superior Court Rule 17.1—to wit, "Once a notification of related case is filed, the Clerk's Office shall assign (or reassign) the newer case to the same judicial officer assigned to the older case."—imposes a clear requirement for the Clerk's Office to reassign the newer case to the same judicial officer assigned to the older case once a notification of related case is filed."); V.I. SUPER. CT. R. 17.1 ("Each defendant/respondent, or his attorney, shall serve and file a notice, contemporaneously with [their] first responsive pleading . . . ."); *see generally Evans-Freke v. Evans-Freke*, 75 V.I. 407, 462 (V.I. 2021) (Swan, J., concurring) ("*They*, merriam-webster.com, http://www.meriam-webster.com/dictionary/they (last visited Oct. 25, 2021) (updating the usage of they to '[be] used with a singular antecedent to refer to an unknown or unspecified person' or 'to refer to a single person whose gender identity is nonbinary').").

[33] V.I. SUPER. CT. R. 17.1.

[34] *Id.*

**2025 VI Super 28U**

¶12    The facts presently before the Court indicate that all counsel have failed in their ethical duties to know the law, follow the law, and to not make frivolous claims before this Court. The evidence is unopposed and uncontradictory and establishes that the present Case is actually the same case currently pending before Judge Francois. The appropriate procedure was for any party to the arbitration to seek either confirmation or vacatur of the arbitration award in Case 2020-CV-00260.[35]

**CONCLUSION**

¶13    If this Judge of the Superior Court were to act in this Case, including either acting on the petition or granting the motion to dismiss, the Court would be endorsing the Parties' violations of the Court Rules.

¶14    Accordingly, consummate with the ethical duties of counsel, it is hereby

**ORDERED** that rulings on all matters pending in this Case are **DEFERRED**; and it is further

**ORDERED** that, within fourteen (14) days, Plaintiff **SHALL FILE** either a notice of related case as required by and in full compliance with Virgin Islands Superior Court Rule 17.1[36] or such briefing supporting any objection to this order; and it is further

---

[35] Notably, on April 3, 2025, Hoolink filed a motion to confirm the arbitration award in Case 2020-CV-00260. Additionally, Hoolink has filed a motion for consolidation in Case 2020-CV-00260 pursuant to V.I.R. Civ. P. 42(a). In that motion, Hoolink makes arguments that, in substance, could also be made pursuant to V.I. Super. Ct. R. 17.1.

[36] *See In re Sugar Island.*, 78 V.I. at 489–90 ("As such, the Court will order the Clerk's Office to comply with Superior Court Rule 17.1 by reassigning the eleven related cases filed subsequent to Civil Case No. SX-2023-CV-413 to the undersigned judge, the judicial officer assigned to Civil Case No. SX-2023-CV-413—the first case filed out of the twelve related cases. To be clear, the undersigned judge who is no longer acting in the administrative capacity as the Presiding Judge—is not usurping the current Presiding Judge's exclusive statutory authority to 'divide the business and assign the cases,' *see Vanterpool v. Gov't of the V.I.*, 63 V.I. 563, 574 (V.I. 2015), but simply **ordering** the Clerk's Office **to perform its duty** to enforce the related cases assignment policy under Superior Court Rule 17.1" (emphasis added)).

**2025 VI Super 28U**

**ORDERED** that Defendant, if it chooses, must file any opposition it may choose to file within fourteen (14) days of service of the foregoing notice (or objection) in compliance with Virgin Islands Superior Court Rule 17.1; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

DATED: August 18, 2025

_____
HONORABLE SIGRID M. TEJO
Superior Court Of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

**BY:** _____
**DONNA D. DONOVAN**
Court Clerk Supervisor  08 / 19 / 2025